```
                    UNITED STATES DISTRICT COURT          FILED
                       DISTRICT OF CONNECTICUT

ANDREW W. SCHMIDT              :                    2005 JUL -7  P 2: 13
         Plaintiff,            :       3:04cv1159
                               :                    U.S. DISTRICT COURT
     v.                        :                    BRIDGEPORT, CONN.
                               :
UNITED STATES DEPARTMENT OF    :
DEFENSE                        :
         Defendant.            :
                               :
............................. :
```

RULING ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

This is an action brought by Plaintiff Andrew Schmidt against defendant United States Department of Defense ("DOD")[1] claiming a violation of his rights under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and 5 U.S.C. § 552a, as amended ("Privacy Act"). In his complaint, plaintiff seeks an order requiring defendant to immediately disclose certain requested records in their entireties responsive to plaintiff's request, and an order requiring the DOD to fulfill its statutory duty under the FOIA and the Privacy Act in regard to the plaintiff's future FOIA and Privacy Act requests.

Defendant moves to dismiss or in the alternative, for summary judgment on plaintiff's exhaustion of administrative remedies claim and violation of the FOIA and Privacy Act claim.

---

[1] The Department of Defense consists of the following subordinate agencies: Department of the Navy and United States Marine Corps at Camp Lejeune, North Carolina. The Department of the Navy includes the following offices: Office of the Chief of Naval Operations, Office of the General Counsel and Office of the Judge Advocate General.

1

In his opposition papers to the defendant's motion, plaintiff faults the DOD for failing to conduct a reasonable search for responsive documents, denying the plaintiff access to information sought, and failing to maintain the accuracy and quality of records about the plaintiff, thereby causing him adverse effects. Plaintiff also alleges that he has exhausted all administrative remedies, and that despite all of the correspondence between the parties and the two appeals made by plaintiff, defendant has released only 18 pages of responsive documents.

For the following reasons, the Court will deny defendant's motion to dismiss and motion for summary judgment.

## I. Background

On October 23, 1997, Schmidt enlisted in the U.S. Army. He was honorably discharged on May 33, 2003. By letter dated September 15, 2003, plaintiff, by and through counsel, submitted a FOIA and Privacy Act request to the Office of the Chief of Naval Operations and the Director of National Personnel Records Center for a "copy of any and all records about, in reference to or pertaining to Andrew Schmidt [SSN# XXX-XX-XXXX] maintained at your agency," and a "copy of an investigation conducted as a result of a complaint made by Mr. Schmidt while he was stationed at Marine Corps Base Camp Lejuene, North Carolina." ("MCBCL").

By letter dated September 25, 2003, the National Personnel Records Center acknowledged receipt of the September 15, 2003 request, but stated it was unable to identify the records based

on the limited information the plaintiff had provided. By letter dated October 6, 2003, the Office of the Chief of Naval Operations acknowledged receipt of the plaintiff's request and responded that it was referred to the Commanding General at MCBCL.

By letter dated October 22, 2003, MCBCL released 14 heavily redacted documents. The letter explained that some of the documents were partially exempt from disclosure under 5 U.S.C. § 552(b)(6) because disclosure would result in unwarranted invasion of personal privacy. This letter advised Schmidt of his right to appeal. By letter dated November 24, 2003, plaintiff appealed the October 22, 2003 response, explaining that the missing records should have been disclosed under the FOIA and the Privacy Act. By letter dated December 5, the Office of the General Counsel acknowledged receipt of the appeal.

On December 5, 2003, the Office of the Chief of Naval Operations sent a letter to plaintiff asking for additional information in order to process and complete plaintiff's requests. By letter dated December 22, 2003, plaintiff appealed the articulated exemptions but provided the additional information to facilitate the execution of his requests.

By letter dated January 20, 2004, the Office of the General Counsel acknowledged receipt of the November 24, 2003 appeal and stated, "the Office of the Judge Advocate General will respond to the appeal."

By letter dated January 28, 2004, the Office of the Chief of

Naval Operations acknowledged receipt of the December 22, 2003 appeal. It accepted the additional information and stated that updated requests would be referred to MCBCL for action. Another letter dated January 28, 2004, from the Office of the General Counsel, notified Schmidt that his appeal had adequately refined the request, and that this refined request had been referred to MCBCL.[2]

By letter dated February 4, 2004, MCBCL acknowledged receipt of the plaintiff's December 22, 2003 requests. By letter dated March 3, 2004, MCBCL updated plaintiff about the processing of his requests.

By letter dated March 9, 2004, the Office of the Judge Advocate General notified plaintiff that the November 24, 2003 appeal was granted with respect to four documents withheld by MCBCL but was denied as to all other nondisclosures. The letter explained that materials pertaining to criminal law enforcement, and personnel or medical files are protected from disclosure under 5 U.S.C. § 552a(j)(2), 5 U.S.C. §§ 552(b)(7)(C) and (b)(6). In order to prevent an unwarranted invasion of personal privacy, public interests would have to outweigh privacy interests to justify disclosure. In this instance, information that does not directly reveal the operations or activities of the Department of the Navy falls outside the ambit of the public interest.

---

[2] Although this letter stated that the "appeal of December 22, 2003 is considered moot and this office will take no further action on the appeal," the appeal was only "moot" with respect to the Office of the General Counsel but was not "moot" with respect to the other agencies or offices.

4

Additionally, the letter explained that the withheld information reveals nothing about the Department of the Navy's compliance with its statutory duties and therefore, no public interest warrants disclosure.

Finally, by letter dated March 16, 2004, MCBCL attached copies of the releasable portions of the requested documents, but stated that certain documents were exempt from disclosure. The letter also notified plaintiff of his right to appeal.

## II. Standard of Review

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the

burden of proof, then summary judgment is appropriate. <u>Celotex Corp.</u>, 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. <u>Anderson</u>, 477 U.S. at 249.

### III. <u>Discussion</u>

#### 1. <u>Subject Matter Jurisdiction</u>

The Privacy Act and the FOIA provide individuals with a statutory right to access information about themselves that is held by the government. <u>Greentree v. United States Customs Serv.</u>, 674 F.2d 74, 76-80 (D.C. Cir. 1982). However, jurisdictional provisions of the Privacy Act are inapplicable where a plaintiff has not exhausted available administrative remedies under the act. <u>Larsen v. Hoffman</u>, 444 F.Supp. 245 (D.D.C. 1977). Similarly, under the FOIA, administrative remedies must be exhausted prior to judicial review. <u>Thomas v. Office of the United States Attorney</u>, 171 F.R.D. 53, 55 (E.D.N.Y. 1997).

The Navy has codified the FOIA's and the Privacy Act's administrative and appeals processes at 32 C.F.R. §§ 701.111 and 701.12. The Privacy Act stipulates that if the appeal is denied totally or in part the appellate authority shall give a statement informing the requester of his or her right to seek judicial relief in the Federal District Court. 32 C.F.R. § 701.111. Likewise, the FOIA dictates that when an appeal is denied, the requester has the right to seek judicial review. 32 C.F.R. §

701.12(h).

Defendant contends that Schmidt failed to exhaust his administrative remedies for all matters which he did not appeal and therefore the Court lacks subject matter jurisdiction over these claims. Defendant refers to the partially granted appeal on March 16, 2004, in which MCBCL redacted four documents. In that letter, defendant notified Schmidt of his option to appeal.

Although Schmidt never appealed this partially granted appeal, the Court still has subject matter jurisdiction. According to 32 C.F.R. §§ 701.12 and 701.111, the one making the request retains the option to seek judicial review if his appeal is denied or partially denied. In this case, the partial denial of March 16, 2004 was in response to Schmidt's December 22, 2003 appeal and therefore, plaintiff secured the right to seek judicial review. In fact, defendant's letter dated March 9, 2004, explicitly stated that plaintiff "may seek judicial review" regarding the partial grant of plaintiff's appeal. Accordingly, this Court has subject matter jurisdiction over Schmidt's FOIA and Privacy Act claims.

2. <u>Plaintiff's Argument in Opposition of Defendant's Motion for Summary Judgment</u>

Plaintiff argues that the FOIA and the Privacy Act provide a legal right to the information sought and that the defendant's denial of this right is illegal. Thus, plaintiff urges that he is entitled to a copy of all the documents and records pertaining to

7

him, including a copy of an investigation conducted as a result of a complaint made by plaintiff while stationed at MCBCL.

Under the FOIA and the Privacy Act, Plaintiff does not have unlimited legal rights to all documents. Records may be withheld if their release would constitute an unwarranted invasion of personal privacy, if the documents are for law enforcement purposes, or if they fall under the other exemptions set forth in 5 U.S.C. § 552(b), 5 U.S.C. § 552a(j)(2) and 32 C.F.R. § 701.8.

Defendant's letter of March 9, 2004 partially denied the appeal concerning the redacted information pursuant to Exemption (j)(2) of the Privacy Act and Exemption (b)(6) and (b)(7)(C) of the FOIA. As explained in the letter, the redacted portions were exempt because they consisted of personal information including names, addresses, telephone numbers, signatures, and individual data that were obtained as a part of a law enforcement investigation.

The Navy abided by the four-part test set forth in 32 C.F.R. § 701.112(b)(2)(iii) in determining that disclosure would be an unwarranted invasion of personal privacy. This section states:

> The first step is to determine whether a viable personal privacy interest exists in these records involving an identifiable person. The second step is to consider how disclosure would benefit the general public in light of the content and context of the information in question. The third step is to determine whether the identified public interests qualify for consideration. The fourth step is to

balance the personal privacy interests against the qualifying public interest.

C.F.R. § 701.112(b)(2)(iii). The defendant remarked that nondisclosure of the requested documents outweighs disclosure under Exemption 7(C) because divulged personal information could subject the persons whose information is contained in the documents to embarrassment and harassment in the conduct of their official duties and personal affairs. Massey v. FBI, 3 F.3d 620, 624 (2nd Cir. 1993). Defendant noted that in this situation, plaintiff seeks documents concerning a computer theft investigation which constitutes a law enforcement investigation for purposes of Exemption 7(C). Further, this investigation contains investigators' and witnesses' personal information, including their names, social security numbers, addresses, phone numbers, initials, and other personal data. These documents have appropriately been excluded because they fall within Exemptions 6 and 7(C).

Nonetheless, the problem facing the court in ruling on the defendant's motion on the present state of the record is that there is insufficient evidence as to whether the public interest of disclosing the requested documents outweighs the private interests of nondisclosure. Plaintiff has not indicated how disclosure of the documents sought would benefit the general public or how such benefits qualify for consideration. In fact, plaintiff has not identified the reasons why he wants the

9

documents or why he should be entitled to them.

## IV. Conclusion

Although the Court finds that the plaintiff has exhausted his administrative remedies, he has not yet demonstrated that the documents sought do not fall under FOIA's and the Privacy Act's exemptions. Defendant's motion to dismiss and motion for summary judgment [Doc. # 15] will be DENIED on this record without prejudice to renew. The plaintiff is granted 30 days from the date of this ruling to file documentation on the public versus private interest issue.

SO ORDERED this 7th day of July, 2005 at Bridgeport, Connecticut.

/s/ Warren W. Eginton
Senior United States District Judge