# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANDREW W. SCHMIDT,        :
                                  :
             Plaintiff,      :
                                  :
v.                                :       3:04-CV-1159 (WWE)
                                  :
                                  :
UNITED STATES DEPARTMENT OF   :
DEFENSE,                        :
                                  :
             Defendant.    :

## RULING ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

This action arises from the plaintiff's ("Schmidt") claim that the defendant ("DOD") violated his rights pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act"), in that the DOD failed to release records Schmidt requested pertaining to his tenure in active duty in the United States Navy, while he was stationed at Marine Corps Base Camp Lejeune, North Carolina.  Schmidt argues that the records he is seeking do not fall under any of the exemptions delineated by the FOIA and he is, therefore, entitled to full disclosure.  The DOD argues that, pursuant to Exemptions (b)(6) and (b)(7)(C) of the FOIA,  it has fully complied with Schmidt's request.  The defendant now moves for dismissal of the plaintiff's complaint in its entirety, or, in the alternative, a renewed motion for summary judgment.  As it finds the defendant's motion to dismiss unavailing, the Court reviews the defendant's renewed motion for summary judgment.

1

The issue before this court in this renewed motion for summary judgment is whether the documents the DOD has released represent the complete disclosure to which Schmidt is entitled.

## BACKGROUND

The Court assumes familiarity with the facts of the underlying case as articulated in its earlier ruling on the defendant's motion to dismiss and motion for summary judgment [Doc. # 15].  The following is an abbreviated version of same.

In 2002, Schmidt was an enlisted member of the United States Navy attached to the 2d Marine Division, II Marine Expeditionary Force, based at Marine Corps Base Camp Lejeune, North Carolina ("MCBCL").  During his time with the 2d Marine Division, Schmidt filed a complaint regarding a computer theft.  On September 15, 2003, he submitted a written FOIA and Privacy Act request to the Chief of Naval Operations, seeking documentation regarding, specifically, copies of any investigations pertaining to Schmidt's complaints he had filed while stationed at MCBCL.  The Chief of Naval Operations referred this request to the authorities at MCBCL.

In response to this request, MCBCL found records relating to the alleged theft of Schmidt's computer.  After redacting personally identifying information, MCBCL released the records to Schmidt.  MCBCL explained that portions of the documents were exempt from disclosure pursuant to 5 U.S.C. 522b(6) in that their release would result in an unwarranted invasion of privacy. Schmidt, objecting to the redaction of portions of the records, filed an appeal with the General Counsel of the Navy.

This appeal was granted in part and denied in part, finding that four of the requested documents were segregable from the withheld documents and ordering

2

further review by MCBCL for possible redactions.  Considering the redactions already made to the records pertaining the theft of the computer, General Counsel denied Schmidt's appeal under Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(6) and (b)(7)(C).

Schmidt filed his complaint with this Court on July 14, 2004.  The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment [Doc. #15]. On July 7, 2005, this Court denied the defendant's motion to dismiss and motion for summary judgment without prejudice to renew.  The Court ordered the plaintiff to respond within 30 days as to the balancing test of public versus private interests as mandated by the FOIA Exemptions (b)(6) and (b)(7)(C).  After the expiration of this 30-day period, the plaintiff filed his response to the Court's order on October 18, 2005. The defendant then filed this renewed motion for summary judgment. In his response, Schmidt asserted that the defendant's renewed motion for summary judgment should not be granted because the DOD has not shown that it conducted a search reasonably calculated to find all requested documents.[1]

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a

---

[1] In its renewed motion, the defendant reiterates the claims it had articulated in its earlier motions to dismiss or for summary judgment.  However, in his response, the plaintiff only argues that the defendant failed to show that its search was reasonable.  Although local rule 9(a) provides that a plaintiff's failure to respond to a defendant's argument justifies summary judgment on the claim, the Court will consider this motion as a renewal of all the plaintiff's responses to the arguments set forth in the initial motions.  See King-Hardy v. Bloomfield Board of Education, 2002 WL 32500923 (D.Conn.)

matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when

reasonable minds could not differ as to the import of the evidence is summary judgment

proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849

(1991).

The burden is on the moving party to demonstrate the absence of any material

factual issue genuinely in dispute.  American International Group, Inc. v. London

American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining

whether a genuine factual issue exists, the court must resolve all ambiguities and draw

all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing

on an essential element of its case with respect to which it has the burden of proof, then

summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving

party submits evidence which is "merely colorable," legally sufficient opposition to the

motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

FOIA provides a means for citizens to know what their Government is doing.  A

citizen may request documents and records from governmental agencies pursuant to

the provisions of FOIA.  "As a general rule, if the information is subject to disclosure, it

belongs to all."  National Archives and Records Administration v. Favish, 541 U.S. 157,

172, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004).   However, there are nine exemptions to

the FOIA's disclosure provisions.  The Government has the burden of demonstrating

that materials withheld from the requester fall within the purview of one of these

exceptions.  "The Government can meet this burden by describing the withheld material

with reasonable specificity and explaining how it falls under one of the enumerated

4

exemptions."  Hanson v. United States Agency for International Development, 372 F.3d 286, 290 (4th Cir. 2004).  In order for the district court to exercise its jurisdiction over the agency's actions, there must be a showing that an agency has "(1) improperly (2) withheld (3) agency records. Only when each of these criteria is met may a district court force an agency to comply with the FOIA's disclosure requirements."  Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999). Rulings regarding FOIA determinations generally are to be determined at summary judgment.  Hanson v. United States Agency for International Development, 372 F.3d at 290.  The district court reviews an agency's decisions de novo.[2]

In this case, the relevant exemptions are 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). Exemption (b)(6) provides that government agencies may withhold documents if they consist of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

Although the language of Exemption (b)(6) specifies that it controls "personnel and medical files and similar files," the United States Supreme Court has held that this language should be broadly applied.  "The protection of an individual's right of privacy which Congress sought to achieve by preventing the disclosure of information which might harm the individual, surely was not intended to turn upon the label of the file

---

[2]Section 552(a)(4)(B) provides: "On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.  In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action."

which contains the damaging information." <u>United States Dept. of State v. The</u>
<u>Washington Post Co.</u>, 456 U.S. 595, 601, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982).  In
other words, the court must look at the nature of the information, not merely at the file in
which it is contained, in order to determine whether Exemption (b)(6) is applicable.  The
Supreme Court has determined that the purpose of Exemption (b)(6) is "to cover
detailed Government records on an individual which can be identified as applying to
that individual." <u>Id.</u>, at 602.

Exemption (b)(7)(C) encompasses the disclosure of "records or information
compiled for law enforcement purposes" that "could reasonably be expected to
constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  <u>See</u>
<u>National Archives and Records Administration</u>, 541 U.S. at 165-66.  "Individuals have
substantial privacy interests in information that either confirms or suggests that they
have been subject to criminal investigations or proceedings."  <u>Massey v. F.B.I.</u>, 3 F.3d
620, 624 (2d Cir. 1993).

Both Exemption (b)(6) and Exemption (b)(7)(C) require that the court perform a
balancing test in order to determine whether the private interest the exemption protects
outweighs the public interest in disclosure of the information. As this Court set forth in
its previous ruling in this case, the test is articulated in 32 C.F.R. § 701.112(b)(2)(iii):

> The first step is to determine whether a viable personal privacy interest
> exists in these records involving an identifiable person.  The second step
> is to consider how disclosure would benefit the general public in light of
> the content and context of the information in question.  The third step is to
> determine whether the identified public interests qualify for consideration.
> The fourth step is to balance the personal privacy interests against the
> qualifying public interest.

C.F.R. § 701.112(b)(2)(iii).

When the Court applies this test to the facts before it, it finds that the privacy interests at stake outweigh any public interest that might exist.  In this case, the plaintiff argues that the MCBCL improperly withheld and redacted information concerning the alleged theft of his laptop computer. The Court disagrees. The information redacted in the relevant documents consist of personal information such as names, addresses, telephone numbers, signatures and individual vehicle data that was collected in the course of a law enforcement investigation.  This information, if released, "could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Despite the Court's order for the plaintiff to submit facts and argument regarding the public versus private interests test and its applicability to the instant case, the plaintiff did not comply.  In his supplemental response, Schmidt fails to set forth any public interest that would be served by the disclosure of the documents in question. The plaintiff presents merely conclusory statements that the information sought does not maintain a privacy interest.  This is not the documentation the Court requested. Accordingly, Schmidt's argument fails the balancing test the Court must apply.  As in Massey, the plaintiff does not claim that the MCBCL "engaged in any wrongdoing in connection with a prosecution or other law enforcement activities, giving rise to a significant public interest in disclosure."   Massey v. F.B.I., 3 F.3d at 625.  "Given that no substantial public interest would be served by disclosure of any of the information withheld under exemption (b)(7)(C), any invasion of privacy threatened by disclosure is clearly unwarranted."  Id.   See also Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) ("We hold as a categorical matter that a third party's request for law enforcement

7

records or information about a private citizen can reasonably be expected to invade that

citizen's privacy, and that when the requester seeks no official information about a

Government agency, but merely records that the Government happens to be storing,

that invasion of privacy is 'unwarranted.'") (Stevens, J., concurring.)  Accordingly, the

withheld information is exempt from FOIA pursuant to both Exemption (b)(7)(C) and the

more stringent Exemption (b)(6).  Therefore, the Court will grant that part of the

defendant's motion for summary judgment which pertains to the propriety of the

withholding of the information in question.

      However, the plaintiff also argues that the defendant failed to conduct a

reasonable search for relevant documents.  The agency has the burden of showing that

it has conducted a search reasonably calculated to uncover all relevant documents.

"The question is not whether there might exist any other documents possibly responsive

to the request, but rather whether the *search* for those documents was *adequate*."

Steinberg v. United States Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).

See also Carney v. United States Department of Justice, 19 F.3d 807, 812 (2d Cir.

1994) ("In order to prevail on a motion for summary judgment in a FOIA case, the

defending agency has the burden of showing that its search was adequate and that any

withheld documents fall within an exemption to the FOIA.").  A search "is not presumed

unreasonable simply because it fails to produce all relevant material."  Meeropol v.

Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).  The agency may use affidavits as a

means of demonstrating the adequacy of the search.  Id.  "Affidavits or declarations

supplying facts indicating that the agency has conducted a thorough search and giving

reasonably detailed explanation why any withheld documents fall within an exception

are sufficient to sustain an agency's burden." Carney, 19 F.3d at 812.

Here, the plaintiff claims that the record does not show that the defendant conducted any search, let alone an adequate one.  The Court agrees that the record is devoid of information about or evidence of the search conducted on the part of the defendant.  Therefore, it is not possible for the Court to assess the reasonableness of the defendant's search for the documents in question.  Accordingly, the Court will deny the defendant's motion for summary judgment as to this issue.


## CONCLUSION

For the foregoing reasons, the Court DENIES the defendant's motion to dismiss [Doc. #23]. The Court GRANTS in part the defendant's renewed motion for summary judgment  [Doc. # 23] insofar as it pertains to the argument regarding the public versus privacy interests.  The Court DENIES the defendant's renewed motion for summary judgment with respect to the reasonableness of the defendant's search, without prejudice to renewal after a showing, by affidavit or other proof, that a reasonable search was conducted.

SO ORDERED this 24th day of May, 2006 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge