UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW W. SCHMIDT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : 3:04-CV-1159 (WWE) |
| | : |
| UNITED STATES DEPARTMENT OF DEFENSE, | : |
| | : |
| Defendant. | : |

**RULING ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

    This action arises from plaintiff's ("Schmidt") claim that defendant United States Department of Defense ("DOD") violated his rights pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act"), in that the DOD failed to release records Schmidt requested pertaining to his tenure in active duty in the United States Navy while stationed at Marine Corps Base Camp Lejeune, North Carolina.  Schmidt argues, <u>inter</u> <u>alia</u>, that defendant's renewed motion for summary judgment should be denied because DOD has not shown that it conducted a search reasonably calculated to find all requested documents.  DOD asserts that it has complied fully with plaintiff's request.  The Court, granting in part and denying in part defendant's renewed motion for summary judgment, requested defendant to submit supplemental materials detailing the nature and scope of its search for the relevant documents.  Defendant has complied with the Court's request and the Court will grant its motion for summary judgment <u>in</u> <u>toto</u>.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Here, plaintiff claims that defendant violated his rights in that it failed to conduct a reasonable search for requested documents allegedly related to an earlier filed complaint and the ensuing investigation.  The DOD has the burden of showing that it has conducted a search reasonably calculated to uncover all relevant documents.  "The question is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*."

Steinberg v. United States Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). See also Carney v. United States Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."). A search "is not unreasonable simply because it fails to produce all relevant material." Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986). The agency may use affidavits as a means of demonstrating the adequacy of the search. Id. at 952. Affidavits or declarations supplying facts demonstrating that the agency has conducted a thorough search are sufficient to sustain an agency's burden. Carney, 19 F.3d at 812. These agency affidavits and declarations are entitled to a presumption of good faith. Id.

Defendant has submitted four affidavits in support of its motion for summary judgment.[1] These affidavits detail the timeliness of the search, the manner in which the search was conducted, the specific places that were searched, and the retrieval of the relevant documents. The Court finds this evidence thorough and sufficient to demonstrate the adequacy and propriety of the search conducted pursuant to plaintiff's request.

---

[1] The four affidavits are sworn to by: 1) Mr. Don W. Collins, Director of Manpower, Marine Corps Base, Camp Lejeune; 2) Lieutenant Colonel J.K. Hourican, who, at the time of the investigation, was the Deputy Staff Judge Advocate of the 2d Marine Division, Camp Lejeune; 3) Lieutenant Colonel Christopher M. Greer, who, at the time of the investigation, served as the Deputy Staff Judge Advocate of the II Marine Expeditionary Force, Camp Lejeune; and 4) Ms. Linda M. Riddle, Supervisory Information Security Specialist at the Headquarters of the Naval Criminal Investigative Service, Washington, D.C..

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's renewed motion for summary judgment [Doc. #23] in its entirety.  The Clerk is instructed to close this case.

Dated this 23rd day of January, 2007 at Bridgeport, Connecticut.

_____/s/_____

Warren W. Eginton
Senior United States District Judge